IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY DRUMMONDS,

        Plaintiff,        CV F 03 5117 OWW WMW P

   vs.                  FINDINGS AND RECOMMENDATIONS
                         RE MOTION TO DISMISS (DOC 47)

SERGEANT GRIFFIN, et al.,

        Defendants.

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Pending before the court is Defendant Raymond's motion to dismiss Plaintiff's claim that he failed to provide religious guidance to Plaintiff and retaliated against Plaintiff. Plaintiff has opposed the motion.

       **The Civil Rights Act under which this action was filed provides:**

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 7 of the The Prison Litigation Reform Act was amended to read as follows:

> (a) APPLICABILITY OF ADMINISTRATIVE REMEDIES. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In <u>Booth v. Churner</u>, 532 U.S. 731 (2001). The Supreme Court, in addressing the question of whether a prisoner need exhaust available remedies when monetary damages are unavailable, held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." <u>Id</u>. at 1821. In order to bring his claim in federal court, plaintiff must completely exhaust his available administrative remedies.

In California, there are four levels of review - informal level, first formal level, second formal level, and third formal level. The third formal level constitutes the Director's decision on appeal. Cal. Code Regs. Tit. 15, § 3084.5(e)(2).

Defendant Raymond argues that although Plaintiff did exhaust this claim at the Director's Level of Review, he did not do so until November 18, 2003, after this action was filed. In support of his motion, Defendant Raymond attaches the declaration of N. Grannis, the Chief of the Inmate Appeals Branch. This declaration indicates that:

> As of January 28, 2003, Inmate Gary Drummonds, (K-75084), had not obtained a third-level (Director's level) review of an appeal concerning his claim that Native American Spiritual Advisor, M. Raymond, denied him religious services and

retaliated against him.

A review of the Inmate Appeals Branch records reveals that Plaintiff has filed one appeal that was accepted for review by our office concerning his claim that Native American Spiritual Advisor, M. Raymond, denied him religious services and retaliated against him.  This appeal is log number CSATF-SP 03-02387.  Plaintiff obtained a Director's level review of this claim on Novembe 18, 2003.   A true and correct copy of the appeal is included with this declaration as Attachment A.

In his opposition, Plaintiff does not dispute Defendant's assertion that he obtained a Director's level review after he filed this action.  Plaintiff contends that any delay was no fault of his own.  The law on this matter is clear, however.  The Court of Appeals has held that District Courts are required under Prison Litigation Reform Act (PLRA) to dismiss actions without prejudice where prisoner failed to exhaust administrative remedies prior to filing suit but was in process of doing so when motion to dismiss was filed.  <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss be granted, and Plaintiff's claim regarding religious services and retaliation by M. Raymond be dismissed for failure to exhaust available administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).IT IS SO ORDERED.

Dated:     August 22, 2007                          /s/  William M. Wunderlich
                                                    UNITED STATES MAGISTRATE JUDGE